145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
E.M. CHEN & ASSOCIATES, INC., Plaintiff-Appellee,
v.
LU ISLAND DEVELOPMENT, INC., Defendant-Appellant.
 No. 97-15498.
D.C. No. CV-96-00027A.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1998.**
Decided May 7, 1998.
 
 Appeal from the United States District Court for the District of Guam, Alfred T. Goodwin, Senior Circuit Judge, Presiding.
 Before BROWNING, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant/defendant Lu Island Development, Inc. ("Lu Island"), a general contractor, appeals the District Court of Guam Appellate Division's affirmance of the Superior Court of Guam's judgment on remand in favor of appellee/plaintiff E.M. Chen & Associates, Inc., ("Chen"), an architectural firm, in Chen's action alleging breach of contract. The bench trial on remand was limited to factual determination of liability only. Lu Island entered into a contract with Chen to provide architectural services to build a low income housing project on land owned by ADEC. ADEC was unable to obtain financing and the project fell through. We have jurisdiction, 48 U.S .C. § 1424-3(c), and affirm.
 
 
 3
 Findings of fact are reviewed for clear error. Phoenix Engineering v. Universal Electric Co., Inc., 104 F.3d 1137, 1140 (9th Cir.1997). Under this deferential standard, we must accept the lower court's finding of fact unless upon review we are left with the definite and firm conviction that a mistake has been committed. Sawyer v. Whitley, 505 U.S. 333, 346 n. 14, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). Where, as here, a trial court adopts a party's proposed findings of fact in total, the appellate court still applies the clear error standard of review, but does a more careful analysis than had the findings been written by the court. See Kern Oil and Refining Co. v. Tenneco Oil Co., 792 F.2d 1380 (9th Cir.1986); Hagans v. Andrus, 651 F.2d 622 (9th Cir.1981), cert. denied 454 U.S. 859, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981).
 
 
 4
 Lu Island argues that the District Court of Guam Appellate Division clearly erred in affirming the Superior Court's factual finding that Lu Island was liable to Chen for payment under the contract. After reviewing the record, we disagree. There is ample support in the record for the Superior Court to conclude that Lu Island is liable to Chen. Where the record could support alternative versions of the facts, we must defer to the trial court's findings because it is that court's purview to judge the credibility of witnesses and evidence. Magnuson v. Video Yesteryear, 85 F.3d 1424 (9th Cir.1996).
 
 
 5
 The Superior Court properly limited the scope of its trial on remand to a factual determination of whether Lu Island or ADEC was liable for payment on the contract. The Appellate Division's October 21, 1993 Opinion affirmed in part, and vacated and remanded in part. The opinion expressly stated that the case was remanded "for a factual determination of issues of material fact, namely, whether appellant or ADEC was liable to pay Chen under the Architect Fee Agreement." (1993 WL 469348, at ----5). Accordingly, the Superior Court was correct to limit its determination on remand to the factual determination of whether Lu Island or ADEC was liable for payment.
 
 
 6
 All other issues raised on appeal are law of the case.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3